IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENE PHILLIP CHAVEZ,<br><br>                    Plaintiff,<br><br>       vs.<br><br>JEREMIAH JOSEPH LOWE III and KEARNEY POLICE DEPARTMENT, KEARNEY, NEBRASKA,<br><br>                    Defendants. | 4:21CV3319<br><br>MEMORANDUM AND ORDER |

Plaintiff, a non-prisoner when he filed this lawsuit,[1] has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action against Defendant Jeremiah Lowe for making a false report to a Kearney, Nebraska, police officer that resulted in Plaintiff's arrest and 99-day incarceration. Plaintiff alleges that he and Lowe argued during the afternoon of June 4, 2021; later that evening, when both Plaintiff and Lowe were at a bar, Lowe accused Plaintiff of pushing him; Lowe and Plaintiff were removed from the bar; police officers who were driving past the bar "became involved"; Lowe stated that Plaintiff "had pushed him to the ground"; and the police then arrested Plaintiff. (Filing 1 at CM/ECF pp. 5-6.) Plaintiff claims Lowe's actions violated a Nebraska statute that makes false reporting a criminal offense, Neb. Rev. Stat. 28-907 (Westlaw 2022), and caused a "loss of liberties, immunities, protections from

---

[1] Plaintiff filed a change-of-address notification on December 27, 2021, that his new address is the Buffalo County Jail. (Filing 9.)

harassment." (Filing 1 at CM/ECF pp. 4, 6 (spelling corrected).) Plaintiff demands $500,000 in damages. (Filing 1 at CM/ECF p. 7.)

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Defendant Kearney Police Department

The Kearney Police Department is not a proper defendant, and must be dismissed from this action. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592,

2

2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

### B.  Defendant Lowe

To recover under 42 U.S.C. § 1983, Plaintiff must have been deprived of a constitutional right by a person acting under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 942 (1982). Here, Plaintiff fails to state a section 1983 claim against Defendant Lowe because (1) Plaintiff does not allege facts indicating that Lowe violated any right secured by the Constitution or laws of the United States; (2) Lowe is not alleged to be a state actor, *Sabri v. Whittier All.*, 833 F.3d 995, 1000 (8th Cir. 2016) (private party is considered to be state actor if alleged deprivation was caused by the exercise of right or privilege created by the state, by rule of conduct imposed by the state, or by person for whom state is responsible); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (private party who willfully participates in joint activity with the state or its agents is considered a state actor); (3) alleged violations of state laws, such as Nebraska's criminal statute for false reporting, "do not by themselves state a claim under 42 U.S.C. § 1983," *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005) (internal quotation marks and citation omitted); *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("Violations of state law do not state a claim under 42 U.S.C. § 1983."); and (4) to the extent Plaintiff requests that Lowe be criminally charged under Nebraska law for false reporting, Plaintiff does not state a federal claim, as a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors, *Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials").

## IV. CONCLUSION

Plaintiff's Complaint (Filing 1) will be dismissed for failure to state a claim upon which relief can be granted. Plaintiff will not be given leave to amend his Complaint because he had the opportunity to fully describe his claim in both a Complaint and an unsolicited Supplement (Filing 10), and such an amendment would be futile because neither Defendant is subject to Plaintiff's section 1983 claims. *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave [to amend the complaint] on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure"); *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) ("plaintiffs do not have an absolute or automatic right to amend"); *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (leave to amend should be denied for, among other things, futility of amendment; denial of leave to amend complaint reviewed for abuse of discretion).

IT IS ORDERED:

1. Because Plaintiff's Complaint under 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted, this case is dismissed without prejudice; and

2. Judgment will be entered by separate document.

DATED this 11th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

4